RECEIVED
MAR 28 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHEN RUSH LINZAY | CIVIL ACTION NO. 11-0077 |
| -vs- | JUDGE DRELL |
| NATCHITOCHES PARISH SCHOOL BOARD, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a "Motion to Dismiss" filed by Defendants, Natchitoches Parish School Board ("School Board") and Derwood Duke, Superintendent of the School Board. (Document No. 6.) Plaintiff has opposed the motion, and the Court finds no need for oral argument. For the reasons set forth herein, the motion will be granted.

Background

Plaintiff, Stephen Rush Linzay, who filed this suit on January 24, 2011 pursuant to 42 U.S.C. § 1983, complains his due process rights under the Fourteenth Amendment of the United States Constitution and Article 1, § 2 of the Louisiana Constitution were violated when he was terminated from his employment in early 2010. (Document No. 1.)

Specifically, Plaintiff claims he entered into an employment contract with the School Board as a "certified probationary teacher and athletic coach" for the 2009-10 school year, to teach seventh and eighth grade mathematics and to coach at Fairview Alpha Elementary & Junior High School. However, Plaintiff was notified by letter from Superintendent Duke dated January 29, 2010 that he was being suspended without pay,

and that Duke intended to recommend Plaintiff's termination at the next School Board meeting. (Document No. 1-1, Exhibit "A.") By letter from Duke dated February 8, 2010, Plaintiff was informed the School Board had terminated his employment at its February 4, 2010 meeting. (Document No. 1-2, Exhibit "B.")

Plaintiff contends his due process rights were violated, because he was not given written reasons for his termination and an opportunity for a hearing, as he claims are required under La. R.S. 17:442, the "Louisiana Teacher Tenure Law," and La. R.S. 17:81.5, which sets forth the procedures required for dismissal of certain school employees.

Defendants seek dismissal of the suit on the grounds that all applicable laws have been followed, and Plaintiff has failed to state a claim upon which relief may be granted.

Law and Analysis

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a plaintiff's allegations. When ruling on such a motion, we are to accept the plaintiff's factual allegations as true and construe all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009) (quoting Twombly, 550 U.S. at 570). This "plausibility" requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Simply put, if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the 12(b)(6) motion should be denied. Id.

In order to prevail in a civil rights action under 42 U.S.C. §1983, the plaintiff must prove by a preponderance of the evidence the defendant acted under color of state law and deprived the plaintiff of a right secured by the United States Constitution, or a federal statute, or both. Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003). The Constitutional right alleged to be at issue in the instant case is the Fourteenth Amendment guarantee that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. Amend. XIV, § 1. "State law controls the analysis of whether [a person] has a property interest in his employment sufficient to entitle him to due process protection." McDonald v. City of Corinth, Tex., 102 F.3d 152, 155 (5th Cir. 1996).

> The Louisiana Teacher Tenure Law provides, in pertinent part:
>
> Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.

La. R.S. 17:442. A "teacher" is defined as "[a]ny employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate." La. R.S. 17:441(1). The parties in the case at bar do not contest Linzay was a certified probationary teacher within the meaning of the Teacher Tenure Law.[1]

---

[1] Plaintiff also claims he is protected by the provisions of La. R.S. 17:81.5, which apply to the dismissal of "school employees who have not attained tenure." Louisiana jurisprudence has been clear for almost twenty years that a certified, probationary, nontenured teacher is not a "school employee" within the meaning of La. R.S. 17:81.5. Wilhelm v. Vermillion Parish School

3

The Louisiana Supreme Court has addressed the rights of probationary teachers under La. R.S. 17:442 as follows:

> Probationary teachers do not have a constitutionally protected liberty or property interest in the renewal of their teaching contracts which entitle them to procedural due process and their discharge does not involve substantive due process. Thus, a teacher who does not enjoy tenure in his position may be discharged by the school board without notice or a hearing so long as valid reasons for his discharge have been expressed in writing by the superintendent.

Palmer v. Louisiana State Bd. of Elementary and Secondary Educ., 842 So.2d 363, 370 (La. 2003) (emphasis omitted) [quoting McKenzie v. Webster Parish School Board, 609 So.2d 1028, 1031 (La. App. 2d Cir. 1992)]. The McKenzie court also explained La. R.S. 17:442:

> [S]imply requires the board to notify the non-tenured teacher/employee in writing that he has been discharged or dismissed. There is no requirement in the statute for detailed notice to the probationary teacher of the superintendent's reasons for recommending dismissal, nor is there a requirement that such a teacher be given a hearing or an opportunity to rebut the charges.

Id.

Applying this law to the circumstances at issue, even construing Plaintiff's allegations in the light most favorable to him, he has failed to state a claim plausibly cognizable under the U.S. Constitution, since he had no property or liberty interest in his job as a certified probationary teacher.[2] Therefore, Plaintiff's federal claims must be

---

Board, 598 So.2d 699, 701 (La. App. 3d Cir. 1992). Therefore, that section has no applicability in this case.

[2] Even if such an interest did exist, the allegations of Plaintiff's Complaint support no violation of the provisions of La. R.S. 17:442, which does not require that Plaintiff be given written notice of the reasons for his termination or any hearing to rebut the decision of the school board. McKenzie, 609 So.2d at 1031.

dismissed. Under the circumstances, we decline to exercise supplemental jurisdiction over any remaining state law claims, which will be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (Document No. 6) is GRANTED, such that all Plaintiff's claims under federal law are DISMISSED WITH PREJUDICE, and all Plaintiff's claims under Louisiana law are DISMISSED WITHOUT PREJUDICE.

SIGNED on this 28 day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE